IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CEQUEL COMMUNICATIONS, LLC D/B/A )<br>SUDDENLINK COMMUNICATIONS AND )<br>CSC HOLDINGS, LLC D/B/A OPTIMUM- )<br>CABLEVISION. )<br>)<br>Defendants. )<br>_____ ) | C.A. No. 18-1752-RGA |

## ~~PROPOSED~~ SCHEDULING ORDER

This 15 day of April, 2019, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b) on April 4, 2019, and the parties in *Sprint Communications Company LP v. Cequel Communications, LLC d/b/a Suddenlink Communications and CSC Holdings, LLC d/b/a Optimum-Cablevision*, Case No 1:18-cv-01752-RGA, having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Initial Disclosures and Discovery.

    a. Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before April 26, 2019.

    b. Discovery Protocols and Protective Order. The parties shall submit a stipulated ESI Order and Protective Order on or before April 26, 2019. If the parties are unable

to reach agreement on a stipulated ESI Order or Protective Order, the parties shall follow the procedures outlined in Paragraph 3(f) below to present these disputes to the Court.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before November 1, 2019.

3. <u>Discovery.</u>

    a. <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before July 8, 2020.

    b. <u>Document Production.</u> Document production shall be substantially complete by January 23, 2020. Privilege logs shall be exchanged by February 6, 2020. The parties will meet and confer about the scope and content of the privilege logs and will thereafter present any disputes to the Court in the context of the Protective Order or in accordance with the procedures in 3(f) below.

    c. <u>Requests for Admission.</u> A maximum of 25 requests for admission are permitted for each side. There shall be no limit, however, on the number of requests for admission for the purpose of authenticating documents, although the parties agree to cooperate to reduce, if not eliminate altogether, objections based on authenticity and thus the need to serve requests for admission for authentication purposes.

    d. <u>Interrogatories.</u> A maximum of 40 interrogatories, including contention interrogatories, are permitted for each side.

    e. <u>Depositions</u>.

        i. <u>Limitation on Hours for Deposition Discovery.</u> Each side may take up to 45 hours of party fact depositions, excluding named inventors on each asserted patent, each of whom may be deposed for up to 7 hours, without regard to the 45-hour time limit. Each side

may also take up to 35 hours of third-party depositions. Depositions of Plaintiff's witnesses, named inventors, and non-parties taken in other litigations relating to any of the asserted patents must be produced and may be used as if taken in this case. Each witness shall be presumptively limited to seven (7) hours of testimony in a single day. The number of deposition hours and length of depositions may be modified by agreement of the parties or further order of the Court.

    ii. Expert Deposition Discovery. The parties will confer regarding the number of deposition hours and length of depositions for experts no later than 5 days after service of rebuttal expert reports.

    iii. Location of Depositions. The parties agree to cooperate regarding the location of depositions, such that any party or representative, and any third party, shall be deposed at a location where the witness resides or at another mutually agreeable location.

   f. Discovery Matters and Disputes Relating to Protective Orders. The Court appoints Allen M. Terrell, Esquire, as Special Master in this action to manage discovery. The procedures for the handling of discovery disputes shall be established by the Special Master in consultation with the parties. Should counsel find they are unable to resolve a dispute relating to the form of a protective order or ESI order, the parties involved in the dispute shall contact the Court's Case Manager to schedule an in-person conference/argument with the Court. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed

under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute through the discovery matters procedures set forth in this Order.

4. <u>Application to Court for Protective Order.</u> The parties agree it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information. Counsel will confer and attempt to reach an agreement on a proposed form of order and submit it to the Court according to the schedule outlined in Paragraph 1(b) above. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

7. <u>Email Service</u>. The parties have consented to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on any party shall only be by email and shall be made on both local and national counsel of that party.

8. <u>Discovery in Patent Litigation.</u>

a. Plaintiff served its identification of the accused products, services, systems, apparatuses, processes, methods, acts, or other instrumentalities ("Accused Products") and the asserted claims of the patents-in-suit allegedly infringed by each such Accused Product, and produced the file histories for the patents-in-suit.

b. On or before June 4, 2019, Defendants shall produce or make available for inspection to the Plaintiff the core technical documents sufficient to show the structure and operation of any respective Accused Product, including but not limited to operation manuals, product literature, and specifications.

c. On or before July 5, 2019, Plaintiff shall provide to Defendants its final "Infringement Contentions" comprising claim charts relating each Accused Product to each asserted claim that each Accused Product allegedly infringes.

d. No later than July 5, 2019, Plaintiff will serve a Preliminary Election of Asserted Claims, of no more than 32 cumulative claims.

e. No later than 14 days after the close of fact discovery (July 22, 2020), Plaintiff shall serve a Final Election of Asserted Claims, of no more than a total of 16 claims from among the previously identified claims.

    f. On or before September 26, 2019, Defendants shall provide to the Plaintiff their initial "Invalidity Contentions" for each asserted claim, as well as the related invalidating references (e.g., publications, manuals, and patents).

  9. <u>Claim Construction Issue Identification.</u> On or before November 7, 2019, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before November 26, 2019, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging these lists, the parties will meet and confer on or before December 12, 2019 to prepare a Joint Claim Construction Chart to be filed no later than December 19, 2019. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each side's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

  10. <u>Claim Construction Briefing.</u>

  Plaintiff shall serve, but not file, its opening brief not to exceed 20 pages, on January 30, 2020. Defendants shall serve, but not file, their answering brief, not to exceed 30 pages, on February 27, 2020. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on March 19, 2020. Defendants shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on April 9, 2020. No later than April 20, 2020, the parties shall file a Joint Claim Construction Brief. Defendants may move for an increase in page limits from the Court.

The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed Upon Constructions

II. Disputed Constructions

   A. [TERM 1]
      1. Plaintiff's Opening Position
      2. Defendants' Answering Position(s)
      3. Plaintiff's Reply Position
      4. Defendants' Sur-Reply Position(s)

   B. [TERM 2]
      1. Plaintiff's Opening Position
      2. Defendants' Answering Position(s)
      3. Plaintiff's Reply Position
      4. Defendants' Sur-Reply Position(s)

Etc.

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

11. <u>Hearing on Claim Construction.</u>

Beginning at 8:30 a.m. on May 13, 2020, subject to the Court's availability, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present live testimony at the argument, and the argument shall not exceed a total of three hours.

12. <u>Disclosure of Expert Testimony.</u>

    a.  <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before August 26, 2020. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before October 8, 2020.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before November 19, 2020.

    b.  <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

  13.  <u>Case Dispositive Motions.</u> All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before December 17, 2020. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

  14.  <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

  15.  <u>Pretrial Conference.</u> Beginning at 8:30 a.m. on May 21, 2021, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the

third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

16.     <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.     <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

18.     <u>Trial.</u> This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. June 7, 2021, subject to the Court's availability, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

19.     <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the

possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE

Case 1:18-cv-01752-RGA-SRF   Document 29   Filed 04/15/19   Page 10 of 10 PageID #: 733