

222 Delaware Avenue, Suite 1101, Wilmington, DE 19801 • (302) 252-0920

Stephen J. Kraftschik
(302) 252-0926
(302) 397-2659 (Fax)
skraftschik@polsinelli.com

May 20, 2020

**BY ELECTRONIC FILING**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

      Re:    *Sprint Communications Co., L.P. v. Cequel Communications, LLC, et al.*,
             C.A. No. 18-1752-RGA

Dear Judge Andrews:

      I write on behalf of Sprint in the above-captioned matter to respond to Your Honor's questions at the May 13, 2020 claim construction hearing.

      First, with respect to the term "user communication" in claim 1 of U.S. Patent Nos. 6,298,064 and 6,343,084, the Court sought to determine whether or not there is an actual dispute to resolve. (May 13, 2020 Tr. at 101:19-24.) Sprint was asked to inform the Court "whether or not [it] contend[s] that signaling information alone falls within a user communication in the context of the two particular patents we're talking about." (*Id.* at 102:8-13.) If so, the Court further asked Sprint to propose a construction of user communication. (*Id.* at 102:13-16.) Sprint confirms that it does not contend that signaling information alone constitutes a "user communication" in the context of the '064 and '084 patents. In this case, what Sprint points to as "user communication(s)" in its infringement contentions includes voice or data communications, not signaling alone.

      Second, with respect to the term "routing information" as used in claim 1 of U.S. Patent No. 7,327,728, the Court asked whether Sprint would adopt the construction of "routing" adopted in the *Charter* litigation. (*Id.* at 122:13-16.) In the *Charter* case, the Court found that "routing" should be construed as "directing through a [packet] communication system by a selected route or in a specified direction" and further stated that "[i]f the system chooses an endpoint for a packet, and then other parts of the network choose the intermediate steps required to deliver the packet to that endpoint, it seems a person of ordinary skill in the art would understand that the system has 'routed' the packet. *See* JA, Ex. 47 at 22. Sprint would adopt the Court's prior construction and analysis for "routing" as to the "routing information" claim language of the '728 patent. Applying this construction, Sprint would agree that "routing information" means "information used to direct through a communication system by a selected route or in a specified direction."

The Honorable Richard G. Andrews
May 20, 2020
Page 2

                Respectfully,

                */s/ Stephen J. Kraftschik*

                Stephen J. Kraftschik (#5623)

SJK:ncf
Cc: Clerk of Court (by e-filing)
   All Counsel of Record (by e-mail)