IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff; <br><br> v. <br><br> CEQUEL COMMUNICATIONS, LLC D/B/A SUDDENLINK COMMUNICATIONS AND CSC HOLDINGS, LLC D/B/A OPTIMUM-CABLEVISION, <br> Defendants. | Civil Action No. 18-1752- RGA |

MEMORANDUM ORDER

Before me is Defendants' motion for summary judgment of no willfulness. (D.I. 253). I have considered the parties' briefing. (D.I. 254, 273, 298). The motion is limited to Defendant CSC Holdings, LLC, d/b/a Optimum-Cablevision (D.I. 254 at 1 n.1), which the parties refer to as Cablevision. So do I. For the following reasons, Defendants' motion is GRANTED.

"[T]he concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016)). Willfulness is a question of fact for the jury. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1340-41 (Fed. Cir. 2016). When there is "no genuine dispute as to any material fact and the

1

movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a).

Evidence of willfulness in this case consists of: (1) a January 2010 letter from Sprint to Cablevision, (2) evidence that Defendants knew of Sprint's prior VoIP litigation, and (3) deposition testimony from a Sprint executive, Mr. Kalinoski, describing conversations with Cablevision executives regarding Sprint's patents. (D.I. 254 at 2-3; D.I. 273 at 1-3).

The January 2010 letter cannot support a finding of willful infringement or even knowledge of the patents-in-suit. The letter was sent to Cablevision's general counsel to "request a meeting between our companies regarding Sprint's patent portfolio and how it may apply to the operations of your company." (D.I. 255-1, Ex. A). The letter does not mention infringement, list any patents, or describe any particular technology. (*Id.*). It merely requests "the opportunity to discuss whether a license would be appropriate for some of your company's activities." (*Id.*).

Evidence that Cablevision employees knew of Sprint's prior litigation, including a 2007 Vonage verdict finding the patents valid and infringed, does not on its own or in combination with the January 2010 letter support a finding of willfulness. "[A]t least some Cablevision employees in the legal department . . . were on emails containing information that identified the patents and claims the Vonage jury found to be valid and infringed." (D.I. 254 at 2 (citing D.I. 255-1, Ex. F at 12)). Further, some Cablevision employees knew of lawsuits filed by Sprint in 2008 and 2011 and shared Law360 reports about Sprint's patent litigation. (D.I. 254 at 2-3). This evidence supports the inference that Cablevision had specific knowledge of the patents at issue. Knowledge alone is not enough. "Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness." *Bayer Healthcare*

*LLC v. Baxalta, Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). There must be evidence suggesting Cablevision's intent to infringe Sprint's patents. Here, there is no evidence that Cablevision followed up on its knowledge of the patents at issue in prior Sprint litigation or connected those patents to its own operations.

Finally, the testimony of Mr. Kalinoski does not support a finding of willfulness, even in combination with the letter and the emails. According to Sprint, "The evidence . . . establishes that senior Sprint and Cablevision executives had three years of conversations about the scope of Sprint's patents and their applicability to cable VoIP services like Cablevision's." (D.I. 273 at 1). Mr. Kalinoski testified, "[M]y conversations I would characterize more as our – the Sprint engineers believe we have a strong portfolio as it relates to VoIP services." (D.I. 255-1, Ex. E at 36:10-13). Mr. Kalinoski later confirmed that he himself was never part of a "conversation, whether it's oral or in writing, in which anyone from Sprint prior to the filing of this lawsuit told anyone from Cablevision or Altice that Sprint believed Cablevision or Altice were infringing any Sprint patent." (*Id.* at 38:6-15). Mr. Kalinoski's testimony adds little to the picture. A jury could already infer from Cablevision's knowledge of Sprint's litigation that Sprint thought it had strong VoIP patents. A Sprint executive's touting of those patents without any mention of infringement does not raise the inference that Cablevision knew or should have known that it was infringing.

The evidence does not speak to Cablevision's knowledge or even willful blindness of infringement. None of Sprint's evidence connects its patents to an appreciable risk to Cablevision that Cablevision might be infringing those patents. Sprint argues that my opinion in *Sprint Commc'ns Co. v. Mediacom Commc'ns Corp.* supports a finding that Cablevision had the subjective intent to infringe. (D.I. 273 at 6 (citing No. 17-cv-1736-RGA, D.I. 468 at 2 (D. Del.

3

Mar. 16, 2021))). In *Mediacom*, Sprint had far more evidence of the defendants' knowledge of infringement. As I noted, "the record [was] rife with references to Mediacom's appreciation of patent infringement risk" including "its bargaining for the release of patent infringement claims as a part of" an agreement with Sprint. *Id.* at 2. Here, the evidence at best raises the inference that Cablevision knew of the patents-in-suit and knew that those patents were in Cablevision's field of technology. There is no evidence pointing to an "appreciation of patent infringement risk" by Cablevision.

Defendants' motion for summary judgment of no willfulness (D.I. 253) is GRANTED.

IT IS SO ORDERED this 13th day of January, 2022.

_/s/ Richard G. Andrews_
United States District Judge