IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff; <br><br> v. <br><br> CEQUEL COMMUNICATIONS, LLC D/B/A SUDDENLINK COMMUNICATIONS AND CSC HOLDINGS, LLC D/B/A OPTIMUM-CABLEVISION, <br><br> Defendants. | Civil Action No. 18-1752-RGA |

### MEMORANDUM ORDER

Before me is Sprint's motion to exclude Dr. Williams' obviousness opinions. (D.I. 257). Sprint attacks Dr. William's obviousness opinions on the basis that they are conclusory, present no obviousness combinations on an element-by-element basis, and leave Sprint guessing as to his methodology and opinions. (D.I. 259 at 12-19). Because of this, Sprint accuses Dr. Williams of failing to disclose his obviousness opinions under Federal Rule of Civil Procedure 26 and failing to conduct a proper obviousness analysis. (*Id.* at 12-18). Sprint says his opinions raise the specter of hindsight bias. (*Id.* at 18-19).

I do not think that Sprint has provided a basis to order a blanket exclusion of Dr. Williams' opinions on obviousness. It appears that Dr. Williams did provide element-by-element claim charts analyzing how prior art "anticipates and/or renders obvious" each asserted claim. (*E.g.*, D.I. 279-1 at 126 of 396). Sprint is not challenging Dr. Williams' anticipation opinions and I have no reason to strike the charts, no matter how "voluminous" they may be.

1

(D.I. 259 at 16).  As for Sprint's contentions regarding motivation to combine, I agree with Defendants.  "[A]n expert is not the only source for evidence that it would be obvious for one skilled in the art to combine references to reach the claimed method." *Innogenetics, N.V. v. Abbott Lab'ys*, 512 F.3d 1363, 1374 (Fed. Cir. 2008).  There does not appear to be any reason to strike the other portions of Dr. Williams' report that make up his obviousness analysis, such as his discussion of a person of skill in the art and his opinions on secondary indicia of obviousness.

Some of Sprint's arguments may have more force as we approach trial.  In *Innogenetics*, for instance, the court excluded the expert's opinion on a motion in limine.  *Id* at 1372.  To the extent Defendants try to present a particular obviousness argument[1] that was not properly disclosed under Federal Rule of Civil Procedure 26 (and they have plenty of notice that Sprint might well so argue), they will need to contend with the *Pennypack* factors.  *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997).  As for the obviousness opinions that Dr. Williams has disclosed, Sprint has not shown that there is a failure of "qualification, reliability, [or] fit."  *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404–05 (3d Cir. 2003).  Thus, Sprint's motion to exclude the obviousness opinions of Dr. Williams (D.I. 257) is DENIED.

IT IS SO ORDERED this 26th day of January 2022.

/s/ Richard G. Andrews
United States District Judge

---

[1] I think they have six obviousness arguments and three anticipation arguments presently.  Defendants recognize that they will have to significantly reduce this number, but do not want to do so as long as Plaintiff has fifteen claims.  I would think that about five to seven claims and a maximum of two of the nine arguments is a reasonable goal for what could actually be tried, and the parties are encouraged to negotiate and come up with a schedule for doing so.