IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SPRINT COMMUNICATIONS COMPANY L.P.,

        Plaintiff;

v.

CEQUEL COMMUNICATIONS, LLC D/B/A SUDDENLINK COMMUNICATIONS AND CSC HOLDINGS, LLC D/B/A OPTIMUM-CABLEVISION,

        Defendants.

Civil Action No. 18-1752-RGA

## MEMORANDUM OPINION

Stephen J. Kraftschik, Christina B. Vavala, POLSINELLI PC; B. Trent Webb, Aaron E. Hankel, John D. Garretson, Ryan J Schletzbaum, Ryan D. Dykal, Jordan T. Bergsten, Lauren E. Douville, Mark D. Schafer, Maxwell C. McGraw, Samuel J. LaRoque, Lydia C. Raw, SHOOK, HARDY & BACON L.L.P., Kansas City, MO; Robert H. Reckers, Michael W. Gray, Jonathan M. Hernandez, SHOOK, HARDY & BACON L.L.P, Houston, TX;

    Attorneys for Plaintiff.

Frederick L. Cottrell, III, Jason J. Rawnsley, Alexandra M. Ewing, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Brian C. Swanson, Tulsi E. Gaonkar, Luke C. Beasley, BARTLIT BECK LLP, Chicago, IL; Lindley J. Brenza, Sean C. Grimsley, BARTLIT BECK LLP, Denver, CO;

    Attorneys for Defendants.

January 27, 2022

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before me is Sprint's motion for summary judgment on Defendants' equitable defenses. (D.I. 256). I have considered the parties' briefing. (D.I. 259, 277, 294). For the following reasons, Sprint's motion is GRANTED-IN-PART and DENIED-IN-PART.

**I.      BACKGROUND**

Sprint accuses Defendants' voice over IP ("VoIP") systems of infringing several Sprint telecommunications patents. (D.I. 1).

Sprint accuses Defendant Cequel Communications, LLC d/b/a Suddenlink Communications ("Suddenlink") so-called "go it alone" VoIP services of infringement. Suddenlink had used Sprint's wholesale VoIP service for several years beginning in 2006. (D.I. 259 at 8). In 2013, Suddenlink decided to transition from Sprint's VoIP services to an in-house "go it alone" option. (*Id.* at 9).

Sprint likewise accuses Defendant CSC Holdings, LLC d/b/a Optimum-Cablevision's ("Cablevision") in-house VoIP system of infringement. In January 2010, Sprint requested a meeting with Cablevision to discuss "Sprint's patent portfolio" and whether a license would be appropriate for Cablevision's operations. (*Id.* at 9). Nothing came out of the correspondence. (*See id.* at 9-10). Later that year, Sprint agreed to provide services to Cablevision to connect traffic along Sprint's VoIP network. (*Id.* at 10). Sprint and Cablevision continued doing business together for several years after the initial 2010 agreement. (*See* D.I. 277 at 33-34).

Sprint sued Suddenlink, Cablevision, and their owner Altice[1], on November 6, 2018. (D.I. 1; D.I. 277 at 27). Sprint now seeks summary judgment on Suddenlink's defenses of

---

[1] Only Suddenlink and Cablevision remain as defendants. (*See* D.I. 16).

equitable estoppel, implied license, waiver, and acquiescence and Cablevision's defenses of waiver and acquiescence. (D.I. 259 at 3).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

## III. DISCUSSION

### A. Equitable Estoppel[2]

Equitable estoppel arises when:

> (1) the patentee engages in misleading conduct that leads the accused infringer to reasonably infer that the patentee does not intend to assert its patent against the accused infringer; (2) the accused infringer relies on that conduct; and (3) as a result of that reliance, the accused infringer would be materially prejudiced if the patentee is allowed to proceed with its infringement action.

*Ferring B.V. v. Allergan, Inc.*, 980 F.3d 841, 853 (Fed. Cir. 2020) (citations omitted).

Sprint argues that Suddenlink cannot show the first element of equitable estoppel, misleading conduct by Sprint. (D.I. 259 at 27). According to Sprint, Sprint communicated clearly and consistently about "the circumstances under which its cable partners were protected from liability." (*Id.* at 26). A former executive of Suddenlink even "admitted that Suddenlink

---

[2] Sprint has also moved to dismiss Defendants' implied license defense. (D.I. 256; D.I. 259 at 3). Defendants do not address implied license in their briefing and thus have not raised a genuine issue of material fact. (D.I. 277). I will therefore grant Sprint's motion with regard to Defendants' implied license defense.

was not misled by Sprint." (*Id.* at 27). Suddenlink made a "business decision" to infringe despite knowing the risks. (*Id.* at 26-27). Suddenlink even priced in the risk of lawsuit. (*Id.* at 28).

Suddenlink characterizes its "go it alone" decision differently. Suddenlink and Sprint had a long-standing business relationship. "Rather than sue, Sprint conveyed to Suddenlink executives that no patent suit would be forthcoming so long as Suddenlink continued a significant business relationship with Sprint." (D.I. 277 at 25). A Suddenlink executive testified, "Based on the continued relationship that we had with Sprint . . . the recurring theme [was that] Sprint would never come after Suddenlink as long as we were doing business together." (D.I. 279-2, Ex. U at 161:24-162:3). In 2017, while Sprint was negotiating a deal with Suddenlink's owner, Sprint sued other defendants, but not Suddenlink, for infringement of its VoIP patents. (D.I. 277 at 27). Only in 2018, after the deal was signed and implemented, did Sprint sue Suddenlink. (*Id.*).

In its reply, Sprint contests Suddenlink's characterization of the evidence. "In the last conversation of record between the parties regarding Sprint's VoIP patents, the parties explicitly discussed whether other business deals sufficiently compensated Sprint for its VoIP patents, and Sprint made clear that there simply wasn't enough other business between the companies to avoid an incremental license fee for the VoIP patents." (D.I. 294 at 11-12). In this conversation—an email exchange in June 2013—Sprint also states, "but maybe we are not viewing that business correctly." (D.I. 295-1, Ex. GG). Sprint also contests Suddenlink's characterization of the delay, claiming that Suddenlink "had at most the roughly two-year period from late 2014 [when Suddenlink fully transitioned off Sprint's VoIP network] to late 2016

4

[when the patents expired] to conclude from delay that Sprint had given up its rights."[3] (D.I. 294 at 12).

Equitable estoppel is a fact-intensive inquiry. Suddenlink's evidence may or may not lead to the inference that Suddenlink is suggesting—that Sprint misled Suddenlink into believing its business relationship with Sprint would shield Suddenlink from an infringement lawsuit. The email that Sprint claims "made [Sprint's position] clear" should be considered against the backdrop of the parties' ongoing relationship. As for the period of the delay, "given misleading conduct, there is no reason why equitable estoppel could not arise in three-and-a-half years or even sooner." *Scholle Corp. v. Blackhawk Molding Co.*, 133 F.3d 1469, 1473 (Fed. Cir. 1998). Defendants have presented evidence suggesting that Sprint knew about Suddenlink's infringement and did nothing while fostering other business with Suddenlink. "There is ample . . . precedent that equitable estoppel may arise where, coupled with other factors, a patentee's 'misleading conduct' is essentially misleading inaction." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1042 (Fed. Cir. 1992) (en banc), *abrogated on other grounds by SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954 (2017).

Sprint also argues that Defendants cannot show the second element of equitable estoppel, reliance. Sprint asserts, "the unrebutted evidence shows Suddenlink fully appreciated, and priced in, the risk of Sprint asserting its VoIP patents when deciding to go-it-alone." (D.I. 259 at 28).

Suddenlink responds that it relied on Sprint's misleading representations in part by continuing to do a "substantial amount of business with Sprint." (D.I. 277 at 27-28). A

---

[3] Sprint is not asserting the "Christie patents" against Suddenlink. The patents that Sprint is asserting expired in late 2016. (D.I. 294 at 12).

Suddenlink executive testified, "I remember when we were talking to [Sprint] about increasing the amount of business that we did with them on the tower in regards to free bandwidth upgrades and extending the agreements for discounted pricing, the main reason we were looking at doing all of that was to continue doing business with them as a partner to—to avoid any patent infringement." (D.I. 279-2, Ex. U at 172:3-10). I think this is enough to create a genuine issue of material fact. It serves as evidence regarding "whether Suddenlink would have done anything differently had Sprint sued earlier." (D.I. 294 at 13).

In its reply brief, Sprint contends that even if reliance is shown, there is no evidence that Suddenlink was harmed by the reliance. (D.I. 294 at 14-15). This argument—that reliance requires a showing of harm, and that Suddenlink cannot show this harm—was not made in Sprint's opening brief. (D.I. 259). It is therefore waived. *See, e.g.*, D. Del. R. 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."). Suddenlink has not had the opportunity to address this argument, and I will not consider it here.

### B. Waiver and Acquiescence

Waiver requires "an existing right, knowledge of the right, [and] an actual intention to relinquish the right." *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 409 (D. Del. 2009) (citation omitted).

The parties dispute the elements of acquiescence. (D.I. 277 at 29; D.I. 294 at 16). Defendants cite *Cabela's LLC v. Highby* for the proposition, "Acquiescence does not require showing that the claimant had conscious intent to approve the act." 362 F. Supp. 3d 208, 216 (D. Del. 2019) (citing *Klaassen v. Allegro Dev. Corp.*, 106 A.3d 1035, 1047 (Del. 2014)), *aff'd*, 801 F. App'x 48 (3d Cir. 2020). *Highby* recites Delaware state law. Defendants do not explain why

this Delaware standard should apply in a federal question case.  Sprint cites federal caselaw and asserts that acquiescence requires "an active representation not to assert a right."  (D.I. 294 at 15).

I agree with Sprint.  Under federal law, acquiescence requires an active representation of consent.  *See Microsoft Corp. v. Corel Corp.*, 2017 WL 6513639 at *2 (N.D. Cal. Dec. 11, 2017) (requiring "an affirmative grant of consent or permission" by the patentee).  The patentee's behavior must be more than misleading conduct, or else it "would remove all distinction between the doctrines" of equitable estoppel and acquiescence.  *Wang Lab'ys, Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1581 (Fed. Cir. 1997).  In trademark law, acquiescence requires that the "senior user actively represented that it would not assert a right or a claim."  *Covertech Fabricating, Inc. v. TVM Bldg. Prods., Inc.*, 855 F.3d 163, 175 (3d Cir. 2017).  Phrases like "affirmative grant of consent" and "active[] represent[ation]" suggest something more than silence or inaction.

Under this standard, I think that Defendants have raised a genuine issue of material fact for Suddenlink but not for Cablevision.  There is evidence that Suddenlink believed "even if the wholesale voice services agreement [between Sprint and Suddenlink] was terminated, Suddenlink would still have rights to Sprint's patents as long as it had ongoing other business with Sprint."  (D.I. 279-2, Ex. Q at 61:2-5).  "[T]hat understanding occurred over numerous conversations, many of them informal."  (*Id.* at 58:10-11).  This raises a genuine issue of material fact as to whether Sprint affirmatively consented to Suddenlink's infringement.

For Cablevision, Defendants' evidence is weaker.  Defendants point to "Sprint's (albeit oblique) assertion of its patent rights in January 2010" followed by a series of business deals that give rise to the inference that Sprint knew of Cablevision's infringement but said nothing.  (D.I.

277 at 33-34).  Sprint responds that the January 2010 letter "demonstrates Sprint's intent to enforce its rights, not concede them."  (D.I. 294 at 17).   Further, "Mere awareness of Cablevision's VoIP network does not meet the thresholds for waiver or acquiescence, which require active, affirmative conduct."  (*Id.*).  I agree with Sprint.  Silence, even misleading silence, is not enough for acquiescence and waiver.

## IV.   CONCLUSION

Sprint is granted summary judgment on Suddenlink's defenses of implied license, and denied summary judgment on Suddenlink's defenses of equitable estopped, waiver, and acquiescence.  Sprint is granted summary judgment on Cablevision's defenses of waiver and acquiescence.

An appropriate order will issue.