IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SPRINT COMMUNICATIONS COMPANY L.P.,

Plaintiff,

v.

CSC HOLDINGS, LLC d/b/a OPTIMUM-CABLEVISION,

Defendant.

Civil Action No. 18-1752-RGA

**MEMORANDUM**

The court has reviewed the parties' letters with respect to Cablevision's use of the 2012 Master Wireless Wholesale Services Agreement (Mediacom MVNO Agreement). (D.I. 386, 397).

Cablevision argues that the Mediacom MVNO agreement is not a settlement agreement. (D.I. 386 at p. 2). I disagree. As I observed in the Mediacom matter, that agreement includes a settlement license made under the threat of litigation. (D.I. 397, Ex. B at 26:11-19). The Mediacom MVNO agreement thus constitutes a settlement agreement within the scope of Fed. R. Civ. P. 408. *See PharmaStem Therapeutics, Inc. v. Viacell Inc.*, 2003 WL 22387038, at *2 (D. Del. Oct. 7, 2003) ("[A] license agreement may be excluded from evidence under Rule 408 where it ... was negotiated against a backdrop of continuing litigation").

I excluded all such agreements at Cablevision's request. (D.I. 382 at 1). Treating this settlement agreement differently from all others would be unfair to Sprint, while excluding it, conversely, would not unduly or unfairly prejudice Cablevision. Cablevision has other damages theories remaining that do not rely upon the Mediacom MVNO Agreement. (*See, e.g.*, D.I. 397 at

1

p. 5). Consequently, I see no need to revisit my *Daubert* decision (D.I. 326) regarding Ms. Stamm's damages opinions.

For these reasons, I will exclude the Mediacom MVNO agreement.

*[signature]*
United States District Judge
12/8/22